## S99Y1185. IN THE MATTER OF DENNIS J. REDIC.
(521 SE2d 809)

PER CURIAM.

The State Bar filed a Notice of Discipline against Respondent Dennis J. Redic alleging violations of Standards 4 (professional conduct involving fraud, dishonesty, deceit, or wilful misrepresentation);

61 (failure to promptly notify a client of the receipt of client funds, securities or other properties and to promptly deliver such funds, securities or other properties to the client); 63 (failure to maintain complete records of client funds and to promptly render appropriate accounts regarding the funds to the client); and 65 (commingling client's funds with his own funds and failure to account for trust property held in a fiduciary capacity) of Bar Rule 4-102 (d). Redic was personally served with the Notice pursuant to Bar Rule 4-203.1 (b) (3) (i) but failed to file a Notice of Rejection within 30 days as provided in Bar Rule 4-208.3. Accordingly, Redic is in default, has no right to an evidentiary hearing and is subject to discipline by this Court. Bar Rule 4-208.1. The Investigative Panel and the State Bar recommend that Redic be disbarred as an appropriate sanction for his violations of the disciplinary standards. We agree.

Redic agreed to represent a woman whose daughter had been fatally injured in an automobile collision. Redic settled his client's negligence claim against the driver of the vehicle in which his client's daughter was a passenger for $298,775, and, on or about July 15, 1995 Redic deposited the settlement check issued by the driver's insurer into his attorney escrow account. The settlement agreement with the insurer obligated Redic's client to place $48,775 in Redic's attorney trust account pending final resolution of all possible claims arising out of the accident. Redic then disbursed $156,000 to his client, which represented the settlement proceeds less $48,775 held in his trust account pursuant to the settlement agreement and $94,000 in attorney fees. Thereafter, Redic used the $48,775 balance held for his client for his own benefit and failed to account for the funds despite being requested to do so by his client. Following resolution of the remaining claims in February 1999, Redic has failed and refused to pay to his client the funds held in trust.

The State Bar noted that Redic has a prior disciplinary offense, that his actions reveal a dishonest or selfish motive and that he has substantial experience in the practice of law, having been admitted to practice in 1987, as aggravating factors in its recommendation to disbar Redic. We conclude that disbarment is warranted as a result of Redic's violations of Standards 4, 61, 63 and 65 of Bar Rule 4-102 (d). Accordingly, Redic is disbarred from the practice of law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

468

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.